307 So.2d 866 (1975)
FIRST EQUITY CORPORATION OF FLORIDA, a Florida Corporation, Appellant,
v.
RIVERSIDE REAL ESTATE INVESTMENT TRUST, an Illinois Business Trust, Appellee.
No. 74-620.
District Court of Appeal of Florida, Third District.
February 4, 1975.
Rehearing Denied February 26, 1975.
*867 Shackleford, Farrior, Stallings & Evans and John W. Puffer, III, Tampa, for appellant.
Orr, Nathan & Williams, Donald E. Van Koughnet, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL, (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
The appellee, an Illinois investment trust, engaged the appellant, a Florida corporation, to assist the former in obtaining investments in Florida. The appellant introduced to the appellee a party from whom the appellee then acquired an interest in a lease of real estate, for a consideration of $400,000.
The appellant was not a registered real estate broker under Chapter 475, Fla. Stat., F.S.A. It billed the appellee for $20,000 (representing a commission or fee of 5%) for its services in that connection. The appellee refused payment, and the appellant filed this action to recover same.
Upon trial of the case before a jury, the court, on motion of the defendant-appellee, directed a verdict for the defendant, on the ground that recovery was barred by § 475.41 Fla. Stat., F.S.A. From the judgment entered thereon the plaintiff appealed.
We hold no reversible error has been shown. There is no merit to the contention of the appellant that because its services were limited to locating and introducing to the "lessee" the party with whom the transaction was then made and did not negotiate or assist in negotiation of the terms of the resultant transaction, its services were not within those stated in § 475.01(2), Fla. Stat., F.S.A., for which one is there held to be a real estate broker. Included in that subsection of the statute, in the listing of the acts or services with reference to real estate or interests in real estate for which one is there held to be a real estate broker, is the following: "* * * and every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of real property or interest therein". The services performed by the appellant fell within that language. Appellants contention that the transaction did not involve an interest in real estate is refuted by the record.
Section 475.41, Fla. Stat., F.S.A. provides that no contract for a commission or compensation *868 for any act enumerated in § 475.01(2) shall be valid unless the broker (or salesman) is registered as required by this statute. The appellant's contention that it should be permitted to avoid the effect of § 475.41 on the ground that it had no contract for compensation or commission is without merit. The record shows the parties intended that compensation would be paid to the appellant for services of such character, although the parties did not specify the amount or rate of compensation. Moreover, the claim for commission compensation presented by the appellant to the appellee necessarily was predicated upon a position of the appellant that it was entitled thereto as payment for its said services on either an express or implied contract therefor.
The judgment is affirmed.